PETER H. CUTTITTA – SBN 3050
Email: cuttitta@portersimon.com
BRIAN HANLEY – SBN 9052
Email: hanley@portersimon.com
PORTER SIMON
Professional Corporation
675 Sierra Rose Dr., Suite 116
Reno, NV 89511
Telephone: (775) 322-6767
Facsimile: (530) 587-1316

CHARLES N. FREIBERG – Admitted *Pro Hac Vice*
Email: cfreiberg@kasowitz.com
BRIAN P. BROSNAHAN – Admitted *Pro Hac Vice*
Email: bbrosnahan@kasowitz.com
DAVID A. THOMAS – Admitted *Pro Hac Vice*
Email: dthomas@kasowitz.com
JACOB N. FOSTER – Admitted *Pro Hac Vice*
Email: jfoster@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Attorneys for Plaintiffs
SUSAN K. MYERS, MICHAEL F. MYERS
and KEITH J. GOTT

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN K. MYERS, individually and as trustee of the Susan K. Myers Living Trust dated January 8, 2001, MICHAEL F. MYERS, individually and as trustee of the Susan Myers Massachusetts Trust, dated July 11, 2008, and KEITH J. GOTT, as trustee of the Michael F. Myers Massachusetts Trust, dated October 23, 2008, and the Michael F. Myers Massachusetts Trust, dated December 3, 2008,<br><br>    Plaintiffs,<br><br>  v.<br><br>JAMES ARCHIBALD and PORT CAPITAL MANAGEMENT LLC, a limited liability company,<br><br>    Defendants. | **Case No: 3:10-cv-258-RCJ-RAM**<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

1        The parties to this action recognize that disclosure and discovery activity in this action may involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 18, below, that this stipulated Protective Order does not entitle them to file confidential information under seal; the parties must follow the proper procedures for obtaining permission from the court to file material under seal.  Accordingly, the parties herein — plaintiffs Susan K. Myers, Michael F. Myers, and Keith J. Gott and defendants James Archibald and Port Capital Management LLC— hereby stipulate to, and petition the Court to enter, the following stipulated Protective Order (the "Protective Order"), the provisions of which shall govern claims of confidentiality in this action:

        1.    This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced or made available for inspection within this action and designated as Confidential.  Challenges to any designations in this case will be governed by the terms of this Protective Order.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.  Any use of protected material at trial shall be governed by a separate agreement or order.

        2.    The term "document" or "documents," as used in this Protective Order, includes, without limitation, documents, electronically stored information, and tangible things as described in Rule 34(a)(1)(A)-(B) of the Federal Rules of Civil Procedure.

3. Any information or materials produced or obtained in this litigation, including, without limitation, (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof), (b) any copies, notes, abstracts or summaries of such information, and the information itself, and (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (collectively, "Litigation Materials") that contain or comprise non-public information may be designated as "Confidential" under this Protective Order if permitted to be so designated under paragraph 4 below.

4. The following Litigation Materials may be designated as "Confidential" under this Protective Order: Litigation Materials that contain or comprise any party's or another person's or entity's financial, business or trade secret information of a proprietary, confidential, or commercially sensitive nature; any Litigation Materials or information subject to a claim of privilege (including without limitation the attorney-client privilege) and/or protection (including without limitation the attorney work product protection) produced pursuant to an agreement of the parties; and information protected by the party's or another person's or entity's privacy rights under any applicable law.

5. All Litigation Materials designated as Confidential, and the contents thereof, shall only be used or disclosed as provided for in this Protective Order, and shall not be made public by any receiving person or be used for any purpose other than discovery and other trial preparation, motion practice, trial, writs or appeals in this litigation.

6. Any party, and any nonparty producing Litigation Materials in this action, may designate Litigation Materials, or portions thereof, as Confidential by marking them "Confidential" on each page that contains protected material.

7. In order to provide the parties adequate opportunity to designate Litigation Materials as Confidential, all Litigation Materials produced in this case shall be deemed Confidential whether or not so designated at the time of production, for a period of fourteen days following production.

1    8.    The failure to designate Litigation Material as Confidential within the fourteen-day period specified in paragraph 7 above shall not waive a party's or nonparty's right to later so designate such Litigation Materials.  If Litigation Materials claimed to be Confidential are produced without that designation, such Litigation Materials and all copies thereof shall be returned to the designating person for such designation within two days of any written notice requesting their return, or promptly marked Confidential as requested by the designating person.  The receiving party may challenge the designation of the documents as provided in this Protective Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be Confidential without that designation shall not constitute a waiver of confidentiality.  Any party shall have the right to designate as Confidential any material produced by another party or nonparty.  The procedure for designating such materials shall be in accordance with the provisions of this paragraph.

9.    For deposition testimony, counsel may invoke the provisions of this Protective Order by designating the Confidential portions of the deposition transcript as Confidential within thirty days after that counsel has received the deposition transcript.  Prior to the disclosure of Confidential information at any deposition, the court reporter recording the same shall be furnished with a copy of this Protective Order by the party claiming confidentiality and shall be informed that testimony, exhibits and other Confidential information may be disclosed only in accordance with the terms of this Protective Order.  When a transcript of the testimony is prepared, the court reporter shall place the following statement on the cover of any transcript containing Confidential information:  "This transcript contains Confidential information subject to a Protective Order of the Court — pages ____ to ____ to be filed under seal."  No person shall be present during any portion of any deposition designated as Confidential unless that person is an authorized recipient of Litigation Materials containing such confidential information under the terms of this Protective Order.

10.   The party or nonparty designating any Litigation Material as Confidential shall, in the first instance, determine in good faith whether it constitutes Confidential information covered by this Protective Order.  Another party may object in good faith to the designation.  Such

objection shall be in writing, sent to the designating party, and shall state the reasons for the objection and the purpose for which the objecting party intends to use the Litigation Materials in question. The parties involved shall attempt to negotiate an informal resolution of the dispute. If attempts at an informal resolution of any such dispute prove unsuccessful, the objecting party may file with the Court a motion to remove the Confidential designation of that Litigation Material. Any Litigation Material the designation of which is subject to such dispute shall remain so designated and shall be treated in accordance with such designation pending further order of the Court. The party asserting the confidentiality of any such Litigation Material shall on such motion bear the burden of establishing that the Litigation Material is entitled to the designation. Failure to challenge the designation shall not be construed as an admission that the Litigation Material was properly designated Confidential.

11. If any Litigation Material designated Confidential pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such Confidential information shall be stamped as Confidential and maintained separately in a sealed envelope, along with any other portions of the deposition record designated as Confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

12. Litigation Materials designated or treated as Confidential, copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

    (a) The Court and its personnel;

    (b) Court reporters and videographers who record depositions or other testimony in this action;

    (c) Outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and clerical assistants;

    (d) The named parties, including any parties that may be added to this case after entry of this Protective Order (provided, however, that any such new parties first execute

|   |   |   |
|---|---|---|
| 1 |   | a stipulation with all parties agreeing to be bound by this Protective Order), and any |
| 2 |   | corporate party's officers or employees who are actively assisting counsel in the |
| 3 |   | defense of this action; |
| 4 | (e) | Third-party consultants and independent experts to whom it is necessary that the |
| 5 |   | Litigation Materials be shown for purposes of assisting counsel in this litigation; |
| 6 | (f) | Witnesses at trial or in preparation for trial, or at a deposition in this litigation or in |
| 7 |   | preparation for such a deposition, and the counsel representing the witness in |
| 8 |   | connection with trial or such a deposition, but only to the extent that, and no sooner |
| 9 |   | than, the disclosing counsel determines in good faith that such disclosure is |
| 10 |   | necessary for purposes of asking questions at trial or the deposition or preparing |
| 11 |   | therefor; |
| 12 | (g) | Any individual or entity expressly named in the particular Litigation Material as |
| 13 |   | having authored, received, or having knowledge of the information contained in |
| 14 |   | that Litigation Material, and counsel therefor; |
| 15 | (h) | Independent contractors engaged in one or more aspects of organizing, copying, |
| 16 |   | imaging, filing, coding, converting, storing or retrieving data, documents or other |
| 17 |   | information, or designing programs for handling data connected with this litigation, |
| 18 |   | including the performance of such duties in relation to a computerized litigation |
| 19 |   | support system; |
| 20 | (i) | Any other person upon the written agreement of the party or nonparty that |
| 21 |   | designated the Litigation Material as Confidential (which agreement may, |
| 22 |   | alternatively, be recorded in a deposition or other transcript), or pursuant to court |
| 23 |   | order after motion.  The party producing the Confidential information will not |
| 24 |   | unreasonably withhold consent. |

25  13.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from
26 rendering advice to their clients and, in the course thereof, relying generally on examination of
27 Confidential Litigation Materials; provided, that in rendering such advice and otherwise
28

5
STIPULATION AND PROTECTIVE ORDER

communicating with such client, counsel shall not make any disclosure of the substance of Litigation Material so designated except as otherwise allowed in this Protective Order.

14.  Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party or nonparty of its own Litigation Materials as the party or nonparty deems appropriate.

15.  If, at any time, any Litigation Material in the possession, custody or control of any person other than the person who originally produced such Litigation Material is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall promptly provide written notice to each person who originally produced such Litigation Material or designated it Confidential, and the person to whom the subpoena or request is directed shall not take an adverse position to such person(s) opposing the subpoena or request for such Litigation Material.

16.  Each person permitted to have access to any Litigation Material designated or treated as Confidential pursuant to paragraph 12(e), (f), or (i) shall, prior to being afforded access to such Litigation Material, be shown this Protective Order and sign an agreement in the form attached hereto as "Exhibit A."  A file shall be kept and maintained by the attorneys of record for each party of all such written agreements signed by persons to whom the party has disclosed Litigation Materials.

17.  In the event that Litigation Materials designated or treated as Confidential are disclosed to someone not authorized to receive such information under this Protective Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to the designating party or that party's counsel and to the producing party (if different) or that party's counsel, and shall describe the circumstances surrounding the unauthorized disclosure.

18.  In the absence of written permission from the party designating the Litigation Materials as confidential or a court order secured after appropriate notice to all interested parties, a party that seeks to file any Confidential material must comply with any applicable orders, Local Rules, and Rules of the Federal Rules of Civil Procedure.  Should the Court refuse to order any

Confidential materials designated hereunder sealed, the party seeking to file such materials may proceed with filing the materials with the Court upon five days notice to the other parties, unless the Court has ordered otherwise.  Any such delay in filing materials shall not affect the due date of any related filings so long as an unredacted copy of the material the Court has refused to seal was timely served on the Party not requesting that the materials be filed under seal.

19. Before use or disclosure of any Litigation Material designated Confidential in a hearing or other courtroom proceeding, the party or nonparty who seeks to use or disclose the material shall, to the extent reasonably practicable, provide reasonable notice to the designating person, to give the designating person an opportunity to request that the Court take appropriate action.  However, the party or nonparty need not do so with respect to any Litigation Material designated Confidential that has been included in the briefing or other papers for the matter to which the hearing or other courtroom proceeding pertains.

20. Nothing in this Protective Order, nor the production of any Litigation Materials by any party or nonparty, shall be deemed a waiver of any privilege or work product protection, or of the right of any party or nonparty to oppose production of any Litigation Material.

21. Within thirty days of the termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, upon request, be destroyed, or may be disposed of in some manner that is mutually agreeable among the applicable persons.  Compliance with this paragraph shall include the destruction or other mutually agreeable disposal of any Litigation Materials that were provided to any third parties, including but not limited to expert witnesses.  Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Protective Order.  Notwithstanding the foregoing, either party may retain a single copy of any Litigation Materials only to the extent necessary to comply with document retention requirements imposed by law or generally-applicable company policy.

22. The limitations on the use and disclosure of Confidential Litigation Materials shall survive the termination of this litigation.  The Court will retain jurisdiction to enforce the terms of

1 | this Protective Order after termination of this litigation, and any party or nonparty that has
2 | produced Litigation Materials designated as Confidential shall have standing to enforce the
3 | Protective Order.
4 |     23.   Nothing herein shall preclude any party from applying to this Court for an order
5 | modifying this Protective Order, or shall preclude any modification of this Protective Order by this
6 | Court, or with the consent of all parties hereto.

DATED: May 11, 2011        KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By:  /s/ Charles N. Freiberg
Charles N. Freiberg (Admitted *Pro Hac Vice*)
101 California Street, Suite 2300
San Francisco, CA 94111

Attorneys for Plaintiffs
Susan K. Myers, Michael F. Myers, and Keith J. Gott

DATED: May 11, 2011        BOWDITCH & DEWEY LLP

By:  /s/ Louis M. Ciavarra
Louis M. Ciavarra (Admitted *Pro Hac Vice*)
311 Main Street
Worcester, MA 01608

Attorneys for Defendants
James Archibald and Port Capital Management LLC

Pursuant to the parties' stipulation, and good cause appearing,

**IT IS SO ORDERED**.

    May 12, 2011

Dated: _____    _____
                                                 Robert A. McQuaid, Jr.

# EXHIBIT A

## AGREEMENT CONCERNING MATERIAL
## COVERED BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order entered by the United States District Court for the District of Nevada on _____, 2011 in the case entitled *Myers, et al. v. Archibald, et al.,* Case No. 10-cv-0258-RCJ-RAM (the "Protective Order"). I understand the terms thereof, I agree to comply with and be bound by those terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity expect in strict compliance with the provisions of this Order. I agree to return all Confidential Litigation Material to counsel at the conclusion of my involvement or engagement in this matter.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of_____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where signed: _____

Printed name: _____

Signature: _____

ATTACHMENT A
STIPULATION AND PROTECTIVE ORDER

|   |   |
|---|---|
| 1 | PETER H. CUTTITTA – SBN 3050 |
|   | Email: cuttitta@portersimon.com |
| 2 | BRIAN HANLEY – SBN 9052 |
|   | Email: hanley@portersimon.com |
| 3 | PORTER SIMON |
|   | Professional Corporation |
| 4 | 675 Sierra Rose Dr., Suite 116 |
|   | Reno, NV 89511 |
| 5 | Telephone: (775) 322-6767 |
|   | Facsimile: (530) 587-1316 |
| 6 |   |
|   | CHARLES N. FREIBERG – Admitted *Pro Hac Vice* |
| 7 | Email: cfreiberg@kasowitz.com |
|   | BRIAN P. BROSNAHAN – Admitted *Pro Hac Vice* |
| 8 | Email: bbrosnahan@kasowitz.com |
|   | DAVID A. THOMAS – Admitted *Pro Hac Vice* |
| 9 | Email: dthomas@kasowitz.com |
|   | JACOB N. FOSTER – Admitted *Pro Hac Vice* |
| 10 | Email: jfoster@kasowitz.com |
|   | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 11 | 101 California Street, Suite 2300 |
|   | San Francisco, CA 94111 |
| 12 | Telephone: (415) 421-6140 |
|   | Facsimile: (415) 398-5030 |
| 13 |   |
|   | Attorneys for Plaintiffs |
| 14 | SUSAN K. MYERS, MICHAEL F. MYERS |
|   | and KEITH J. GOTT |
| 15 |   |

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN K. MYERS, individually and as trustee of the Susan K. Myers Living Trust dated January 8, 2001, MICHAEL F. MYERS, individually and as trustee of the Susan Myers Massachusetts Trust, dated July 11, 2008, and KEITH J. GOTT, as trustee of the Michael F. Myers Massachusetts Trust, dated October 23, 2008, and the Michael F. Myers Massachusetts Trust, dated December 3, 2008, | Case No: 3:10-cv-258-RCJ-RAM<br><br>**CERTIFICATE OF SERVICE** |
| Plaintiffs, | |
| v. | |
| JAMES ARCHIBALD and PORT CAPITAL MANAGEMENT LLC, a limited liability company, | |
| Defendants. | |

---

CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

I, JANE SULLIVAN, declare that I am a citizen of the United States and I am over 18 years of age. I am not a party to the above entitled action. My business address is 101 California Street, Suite 2300, San Francisco, California 94111.

On May 11, 2011, I caused the attached document entitled:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

to be sent the following:

| | |
|---|---|
| Louis M. Ciavarra, Esq.<br>AiVi Nguyen, Esq.<br>Bowditch & Dewey, LLP<br>311 Main Street<br>P.O. Box 15156<br>Worcester, MA 01615-0156<br><br>Email: lciavarra@bowditch.com<br>Email: anguyen@bowditch.com<br>Tel. No.: 508-926-3408<br>Fax No.: 508-929-3011<br><br>Attorneys for Defendants JAMES ARCHIBALD and PORT CAPITAL MANAGEMENT, LLC | Stephen C. Balkenbush, Esq.<br>THORNDAL, ARMSTRONG, DELK,<br>BALKENBUSH & EISINGER<br>6590 S. McCarran, Suite B<br>Reno, NV 89509<br><br>Email: sbalkenbush@thorndal.com<br>Telephone: (775) 786-2882<br>Facsimile: (775) 786-8004<br><br>Attorneys for Defendants JAMES ARCHIBALD and PORT CAPITAL MANAGEMENT, LLC |

☒ **By Electronic Service (LR 5-3)**. I caused the above-documents to be electronically filed on this date with the clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorneys of record indicated on the generated Notice of Electronic Filing and served as follows any attorneys of record which are designated on the Clerk's Service List(*) to require alternate service as follows:

☐ **By Mail**. I placed the above-documents in sealed envelope(s), with postage thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices. I am readily familiar with the practices of Kasowitz, Benson, Torres and Friedman for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

☐ **By Federal Express**. I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express.

☐ **By Personal Service**. I caused the above documents to be delivered by hand to the addressee(s) noted above.

2

1
2 ☐ **By Facsimile**. I caused the above documents to be served via facsimile electronic equipment transmission to the number indicated after the address(es) noted above.

3
4 ☐ **By Email**. I caused the above documents to be served via email transmission to the e-mail address(es) noted above.

5     I declare under penalty of perjury that the foregoing is true and correct.

6     Executed on May 11, 2011 at San Francisco, California.

7
8
9                                                         _____
                                                          Jane Sullivan
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28