UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN K. MYERS and MICHAEL F. MYERS, Individuals,<br>　　　　　　　　Plaintiffs,<br>v.<br>JAMES ARCHIBALD, et al.<br>　　　　　　　　Defendants. | CASE NO. 3:10-CV-00258-RCJ-RAM |

## STIPULATION

WHEREAS, the Court entered a scheduling order, setting May 2, 2011, as the last day for filing motions to amend pleadings or add parties (DKT. # 88),

WHEREAS, on May 2, 2011, Defendant James Archibald ("Archibald") filed a Motion for Leave to File a Third-Party Complaint against Karl Hahn, with the proposed Third-Party Complaint attached,

WHEREAS, on May 12, 2011, Plaintiffs Susan K. Myers and Michael F. Myers (together, "Plaintiffs") advised Archibald that they would stipulate to the filing of the Proposed Third-Party Complaint,

WHEREAS, no trial date has yet been set in this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto and their respective undersigned attorneys, as follows:

　　　1.　　Archibald may file the proposed Third-Party Complaint attached hereto as Exhibit A; and

　　　2.　　Archibald's Motion for Leave to File a Third-Party Complaint is WITHDRAWN as moot.

{Client Files\LIT\308535\0003\02053321.DOC;1}

Dated: May 16, 2011        By:    */s/ Aivi Nguyen*
                                  Louis M. Ciavarra, Esquire (*Pro Hac Vice*)
                                  AiVi Nguyen, Esquire (*Pro Hac Vice*)
                                  BOWDITCH & DEWEY, LLP
                                  Attorneys for DEFENDANTS JAMES
                                  ARCHIBALD and PORT CAPITAL
                                  MANAGEMENT, LLC

Dated:  May 16, 2011       By:    */s/ David A. Thomas*
                                  David A. Thomas (*Pro Hac Vice*)
                                  KASOWITZ, BENSON, TORRES &
                                  FRIEDMAN LLP
                                  Attorney for PLAINTIFFS SUSAN K.
                                  MYERS, individually and as trustee of the
                                  Susan K. Myers Living Trust dated January
                                  8, 2001, MICHAEL F. MYERS,
                                  individually and as trustee of the Susan
                                  Myers Massachusetts Trust dated July 11,
                                  2008 and KEITH J. GOTT, as trustee of the
                                  Michael F. Myers Massachusetts Trust,
                                  dated October 23, 2008, and the Michael F.
                                  Myers Massachusetts Trust, dated December
                                  3, 2008

## ORDER

Pursuant to the parties' stipulation, and good cause appearing, IT IS SO ORDERED.

Dated:  May __16__, 2011

                           By:    _____
                                  Hon. Robert A. McQuaid, Jr.
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 16, 2011.

                                        /s/ AiVi Nguyen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN K. MYERS and MICHAEL F. MYERS, Individuals,<br>        Plaintiffs,<br><br>v.<br><br>JAMES ARCHIBALD, an individual; PORT CAPITAL MANAGEMENT, a limited liability corporation; DEUTSCHE BANK ALEX, BROWN, a corporation; DEUTSCHE BANK SECURITIES, INC., a corporation; AMERICAN GENERAL LIFE INSURANCE COMPANY; ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; ING SECURITY LIFE OF DENVER INSURANCE COMPANY,<br><br>        Defendants.<br><br>v.<br><br>KARL HAHN,<br><br>        Third-Party Defendant. | CASE NO. 3:10-CV-00258-RCJ-RAM |

**DEFENDANT JAMES ARCHIBALD'S THIRD PARTY COMPLAINT**

Pursuant to Fed. R. Civ. P. 14(a), this is a third party action brought by James Archibald ("Archibald") to assert claims against Third Party Defendant Karl Hahn ("Hahn"), whose acts caused or substantially contributed to the damages alleged to have been sustained by the original Plaintiffs in this case, Susan Myers and Michael Myers ("Plaintiffs"). Additionally, pursuant to Fed. R. Civ. P. 18(a), Archibald asserts direct claims of fraud and misrepresentation against Hahn in connection to the same transactions and occurrences as the claims in the underlying action.

1

2

## PARTIES

1.      James Archibald is an individual residing in Portsmouth, New Hampshire. Archibald is the Managing Partner of Defendant Port Capital Management, LLC ("Port Capital"). At all relevant times, Archibald was a licensed insurance agent.

2.      Third-Party Defendant Karl Hahn is an individual who, upon information and belief, resides in New Hampshire.

## FACTS

3.      As set forth in the underlying Complaint, Plaintiffs allege claims of fraudulent and negligent misrepresentation, fraudulent concealment, breach of fiduciary duty, professional negligence, unjust enrichment, conspiracy to commit fraud and violation of the Nevada Consumer Law against Archibald in connection to Plaintiffs' purchase of life insurance policies on their lives.

4.      As set forth in Answer, Archibald denies these allegations and raises numerous defenses.

5.      At all relevant times, Hahn was Plaintiffs' financial advisor.

6.      In or around April 2008, Hahn contacted Archibald for the purposes of purchasing life insurance for the Plaintiffs.

7.      At the time Hahn contacted Archibald regarding the purchase of life insurance for Plaintiffs, Hahn was employed by Defendant Deutsche Bank, Alex Brown ("Deutsche").

8.      Hahn provided all the financial information required in connection to Plaintiffs' application for life insurance.

9.      Ultimately, Plaintiffs purchased two life insurance policies, one on the life of Susan Myers from Defendant American General Life Insurance Company ("AIG") and the other

on the life of Michael Myers from Defendant Allianz Life Insurance Company of North America ("Allianz").

10. Both the AIG policy and the Allianz policy were funded by loans from Defendant Insurative Risk Solutions US ("Insurative").

11. The Insurative loan for the AIG policy required a letter of credit to guarantee the loan.

12. Hahn represented to Plaintiffs and to Archibald that he would take all the necessary steps to secure a letter of credit to finance the premium loan in connection to the purchase of the AIG policy.

13. As part of the loan arrangement for the Allianz policy, Insurative required a signed agreement between Sanne (Collateral Trustee for Insurative), Deutsche and Plaintiffs. The agreement required that Susan Myers pledge as collateral assets held in an account at Deutsche.

14. In or around the summer of 2009, Hahn left his employment at Deutsche and became Managing Director of Investments as Oppenheimer & Co., Inc. ("Oppenheimer").

15. Upon information and belief, the Plaintiffs agreed to transfer their assets from Deutsche to Oppenheimer so that Hahn could continue to be their financial advisor.

16. Hahn's transfer of the assets triggered defaults on both of the Insurative loans.

17. Upon information and belief, Hahn failed to obtain a letter of credit to secure the Insurative loan in connection to the AIG policy.

18. Upon information and belief, Hahn forged a letter of credit which he presented to Plaintiffs, Archibald and Insurative.

3

19. Upon information and belief, Hahn transferred the Plaintiffs' assets from Deutsche to Oppenheimer knowing that it was in violation of the agreement with Sanne securing the Allianz policy.

## COUNT I
(Contribution)

20. Archibald repeats and realleges the allegations set forth in paragraphs 1 through 19 of the Third Party Complaint as if fully set forth herein.

21. If Archibald is held liable to Plaintiffs or any other party to this action, then Hahn is liable to Archibald for all or part of any damages awarded to Plaintiffs in this action.

## COUNT II
(Fraud)

22. Archibald repeats and realleges the allegations set forth in paragraphs 1 through 21 of the Third Party Complaint as if fully set forth herein.

23. At all relevant times Hahn was Plaintiffs' financial advisor.

24. Hahn represented to Archibald that he obtained a letter of credit from his then employer, Deutsche, to secure the loan financing the AIG policy.

25. Hahn did not obtain the letter of credit.

26. Instead, Hahn presented a forged letter of credit to Archibald and Plaintiffs to submit to Insurative.

27. Archibald relied on Hahn's misrepresentations that the letter of credit was valid in submitting applications for life insurance on behalf of Plaintiffs.

28. Hahn's actions constitute fraud.

29. Archibald has suffered harm as a result of Hahn's fraudulent actions.

4

## COUNT III
(Misrepresentation)

30. Archibald repeats and realleges the allegations set forth in paragraphs 1 through 29 of the Third Party Complaint as if fully set forth herein.

31. At all relevant times Hahn was Plaintiffs' financial advisor.

32. Hahn represented to Archibald that he obtained a letter of credit from his then employer, Deutsche, to secure the loan financing the AIG policy.

33. Hahn did not obtain the letter of credit.

34. Instead, Hahn presented a forged letter of credit to Archibald and Plaintiffs to submit to Insurative.

35. Archibald relied on Hahn's misrepresentations that the letter of credit was valid in submitting applications for life insurance on behalf of Plaintiffs.

36. Archibald has suffered harm as a result of Hahn's misrepresentations.

WHEREFORE, Defendant/Third-Party Plaintiff James Archibald demands judgment against Third-Party Defendant Karl Hahn, in an amount to be determined by the Court, and all costs and other relief the Court deems just and appropriate.

JAMES ARCHIBALD AND PORT CAPITAL MANAGEMENT, LLC
By Their attorneys,

/s/ AiVi Nguyen
_____

Louis M. Ciavarra
*(Admission Pro Hac Vice)*
AiVi Nguyen
*(Admission Pro Hac Vice)*
BOWDITCH & DEWEY, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
Tel:  (508) 926-3408
Fax:  (508) 929-3011
email:  lciavarra@bowditch.com
             anguyen@bowditch.com

Steven C. Balkenbush
Thorndal, Armstrong, Delk, Balkenbush & Eisinger
6590 S. McCarran Blvd.,, Suite B
Reno, NV 89509
Tel.  (775) 786-2772
Fax:  (775) 786-8004
Email:  scb@thorndal.com

Date:   May 2, 2011