1  PETER H. CUTTITTA – SBN 3050
   Email: cuttitta@portersimon.com
2  BRIAN HANLEY – SBN 9052
   Email: hanley@portersimon.com
3  PORTER SIMON
   Professional Corporation
4  675 Sierra Rose Dr., Suite 116
   Reno, NV 89511
5  Telephone:  (775) 322-6767
   Facsimile:   (530) 587-1316
6
   CHARLES N. FREIBERG – Admitted *Pro Hac Vice*
7  Email: cfreiberg@kasowitz.com
   BRIAN P. BROSNAHAN – Admitted *Pro Hac Vice*
8  Email: bbrosnahan@kasowitz.com
   DAVID A. THOMAS – Admitted *Pro Hac Vice*
9  Email: dthomas@kasowitz.com
   JACOB N. FOSTER – Admitted *Pro Hac Vice*
10 Email: jfoster@kasowitz.com
   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
11 101 California Street, Suite 2300
   San Francisco, CA 94111
12 Telephone:  (415) 421-6140
   Facsimile:  (415) 398-5030
13
   Attorneys for Plaintiffs
14 SUSAN K. MYERS, MICHAEL F. MYERS
   and KEITH J. GOTT
15

16              **UNITED STATES DISTRICT COURT**

17              **FOR THE DISTRICT OF NEVADA**

18 | SUSAN K. MYERS, individually and as trustee of the Susan K. Myers Living Trust | **Case No: 3:10-cv-258-RCJ-RAM** |

19 dated January 8, 2001, MICHAEL F.
   MYERS, individually and as trustee of the
20 Susan Myers Massachusetts Trust, dated July
   11, 2008, and KEITH J. GOTT, as trustee of
21 the Michael F. Myers Massachusetts Trust,
   dated October 23, 2008, and the Michael F.
22 Myers Massachusetts Trust, dated December
   3, 2008,
23
                        Plaintiffs,
24
                  v.
25
   JAMES ARCHIBALD and PORT CAPITAL
26 MANAGEMENT LLC, a limited liability
   company,
27
                        Defendants.
28

**STIPULATION AND [_____], ORDER RE DISCLOSURE OF CERTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS BETWEEN THE MYERSES AND THE OSHINS FIRM**

STIPULATION AND ORDER RE MYERS/OSHINS COMMUNICATIONS

1   WHEREAS, plaintiff Susan K. Myers ("Susan") and plaintiff Michael F. Myers

2   ("Michael") (together, the "Myerses") retained the law firm of Oshins & Associates, LLC (the

3   "Oshins Firm") from in or about August 2008 to in or about August 2010 to provide legal advice

4   and other services regarding matters of trust law, and the Myerses received professional services

5   from the Oshins Firm, including attorneys Steven J. Oshins, Esq., and Catherine M. Colombo,

6   Esq., at times within that time period,

7   WHEREAS, defendants James Archibald and Port Capital Management LLC (together,

8   "Defendants") have sought production of documents and information in this action that include

9   confidential attorney-client communications between the Myerses (or Susan or Michael

10   individually) and the Oshins Firm and attorney work product by the Oshins Firm in connection

11   with its engagement with the Myerses,

12   WHEREAS, the Myerses contend that such communications and attorney work product

13   are absolutely privileged or protected from production or disclosure to Defendants based on the

14   attorney-client privilege and/or the attorney work product doctrine,

15   WHEREAS, Defendants dispute the Myerses' assertion of the attorney-client privilege

16   and/or the attorney work product doctrine with regard to these communications and work product,

17   contending that such documents and information must be produced and disclosed under applicable

18   law in light of the nature of the Myerses' claims against Defendants in this action,

19   WHEREAS, the Myerses dispute the grounds advanced by Defendants for their asserted

20   entitlement to receive such documents and information,

21   WHEREAS, in the interests of compromise and to avoid unduly burdening the parties and

22   the Court with motion practice related to this dispute, the parties to this action — the Myerses and

23   plaintiff Keith J. Gott (collectively, "Plaintiffs") and Defendants — hereby stipulate, and the Court

24   orders, as follows:

25   1.   Plaintiffs will produce, to the extent responsive to any valid requests for production

26   of documents or other discovery devices and subject to any objections other than those based on

27   the attorney-client privilege, documents and information reflecting matters that were actually

28   communicated between the Myerses (or Susan or Michael individually) and the Oshins Firm, but

1

1   only with respect to such communications that (a) Plaintiffs intend to use to support any claim in

2   this case and/or (b) relate to the Myerses' understanding of the insurance policies at issue in this

3   case and/or the premium financing transactions at issue in this case (including communications

4   that relate to any plans by the Myerses for preservation or disposition of the assets in their estates

5   and the need for life insurance or other such investment as part of such plans, but only to the

6   extent such information may bear upon the benefits and drawbacks of pursuing or maintaining the

7   premium-financed life insurance transactions at issue or accomplishing the ostensible purposes of

8   those transactions).

9            2.       The Myerses will not produce or disclose attorney-client communications that

10  relate to matters that are independent of or merely ancillary to the policies or the premium

11  financing transactions, including, without limitation, the Myerses' efforts to address and correct

12  concerns about the terms of the Massachusetts trust documents or the structuring of the

13  Massachusetts trusts or the Myerses' consideration of the bond financing transaction through The

14  Frazier Lanier Company, Inc. that Mr. Archibald proposed to the Myerses but the Myerses never

15  completed.  The Myerses also will not disclose any confidential attorney-client communications or

16  attorney work product on the part of the Oshins Firm that was not conveyed to them prior to the

17  commencement of this action.

18           3.       The Myerses' production or disclosure of documents or information in this action

19  pursuant to paragraph 1 above shall not waive or otherwise prejudice any rights the Myerses may

20  have to assert in this action the attorney-client privilege or attorney work product doctrine as a

21  defense to production or disclosure of any other documents or information not produced or

22  disclosed in this action, nor shall anything contained herein waive or otherwise prejudice any right

23  Defendants have to seek production of additional information.

24           4.       The Myerses' production or disclosure of documents or information in this action

25  pursuant to paragraph 1 above shall not waive or otherwise prejudice any rights the Myerses may

26  have to assert in any other action, arbitration, or proceeding the attorney-client privilege or

27  attorney work product doctrine as a defense to production or disclosure of the documents or

28  information so produced or disclosed in this action, or as a defense to production or disclosure of

STIPULATION AND ORDER RE MYERS/OSHINS COMMUNICATIONS

1  any other documents or information not produced or disclosed in this action, nor shall anything

2  contained herein waive or otherwise prejudice any right Defendants have to seek production of

3  additional information.

4       5.     This Order shall be binding on the parties stipulating hereto and any parties who

5  may be added to this action.

6       6.     Any party receiving any documents or information produced pursuant to paragraph

7  1 above shall not make public such documents or information and may not use them for any

8  purpose other than discovery and other trial preparation, motion practice, trial, writs or appeals in

9  this action.  Such party may use and disclose such documents or information solely as provided by

10  any applicable Protective Order the Court may enter in this action.

11
12  DATED:  May 18, 2011             KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

13                           By:    /s/ Charles N. Freiberg
                               Charles N. Freiberg (Admitted *Pro Hac Vice*)
14                                 101 California Street, Suite 2300
                               San Francisco, CA 94111
15
                               Attorneys for Plaintiffs
16                                 Susan K. Myers, Michael F. Myers, and Keith J. Gott

17  DATED:  May 18, 2011             BOWDITCH & DEWEY LLP
18

19                           By:    /s/ Louis M. Ciavarra
20                                   Louis M. Ciavarra (Admitted *Pro Hac Vice*)
                               311 Main Street
21                                 Worcester, MA 01608

22                                 Attorneys for Defendants
                               James Archibald and Port Capital Management LLC
23

24

25       Pursuant to the parties' stipulation, and good cause appearing,

26  **IT IS SO ORDERED.**

27  Dated: _____May 19_____, 2011

                               _____
28                                 Honorable Robert A. McQuaid, Jr.
                               United States Magistrate Judge

STIPULATION AND ORDER RE MYERS/OSHINS COMMUNICATIONS

PETER H. CUTTITTA – SBN 3050
Email: cuttitta@portersimon.com
BRIAN HANLEY – SBN 9052
Email: hanley@portersimon.com
PORTER SIMON
Professional Corporation
675 Sierra Rose Dr., Suite 116
Reno, NV 89511
Telephone:  (775) 322-6767
Facsimile:   (530) 587-1316

CHARLES N. FREIBERG – Admitted *Pro Hac Vice*
Email: cfreiberg@kasowitz.com
BRIAN P. BROSNAHAN – Admitted *Pro Hac Vice*
Email: bbrosnahan@kasowitz.com
DAVID A. THOMAS – Admitted *Pro Hac Vice*
Email: dthomas@kasowitz.com
JACOB N. FOSTER – Admitted *Pro Hac Vice*
Email: jfoster@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030

Attorneys for Plaintiffs
SUSAN K. MYERS, MICHAEL F. MYERS
and KEITH J. GOTT

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN K. MYERS, individually and as trustee of the Susan K. Myers Living Trust dated January 8, 2001, MICHAEL F. MYERS, individually and as trustee of the Susan Myers Massachusetts Trust, dated July 11, 2008, and KEITH J. GOTT, as trustee of the Michael F. Myers Massachusetts Trust, dated October 23, 2008, and the Michael F. Myers Massachusetts Trust, dated December 3, 2008, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES ARCHIBALD and PORT CAPITAL MANAGEMENT LLC, a limited liability company, <br><br> Defendants. | **Case No: 3:10-cv-258-RCJ-RAM** <br><br> **CERTIFICATE OF SERVICE** |

CERTIFICATE OF SERVICE

1          **CERTIFICATE OF SERVICE**

2

3          I, JANE SULLIVAN, declare that I am a citizen of the United States and I am over 18
years of age. I am not a party to the above entitled action. My business address is 101 California
4   Street, Suite 2300, San Francisco, California 94111.

5          On May 18, 2011, I caused the attached document entitled:

6          **STIPULATION AND [PROPOSED] ORDER RE DISCLOSURE OF CERTAIN
CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS BETWEEN THE
7          MYERSES AND THE OSHINS FIRM**

8

9   to be sent to the following:

10   Louis M. Ciavarra, Esq.                    Stephen C. Balkenbush, Esq.
     AiVi Nguyen, Esq.                          THORNDAL, ARMSTRONG, DELK,
11   Bowditch & Dewey, LLP                      BALKENBUSH & EISINGER
     311 Main Street                            6590 S. McCarran, Suite B
12   P.O. Box 15156                             Reno, NV 89509
13   Worcester, MA 01615-0156
                                                Email: sbalkenbush@thorndal.com
14   Email: lciavarra@bowditch.com              Telephone: (775) 786-2882
     Email: anguyen@bowditch.com                Facsimile: (775) 786-8004
15   Tel. No.: 508-926-3408
     Fax No.: 508-929-3011                      Attorneys for Defendants JAMES
16                                              ARCHIBALD and PORT CAPITAL
17   Attorneys for Defendants JAMES             MANAGEMENT, LLC
     ARCHIBALD and PORT CAPITAL
18   MANAGEMENT, LLC

19

20   ☒ **By Electronic Service (LR 5-3)**. I caused the above-documents to be electronically filed on
     this date with the clerk of the Court using the CM/ECF system, which will automatically e-serve
21   the same on the attorneys of record indicated on the generated Notice of Electronic Filing and
     served as follows any attorneys of record which are designated on the Clerk's Service List(*) to
22   require alternate service as follows:

23
     **By Mail**. I placed the above-documents in sealed envelope(s), with postage thereon fully prepaid,
24   for collection and mailing at San Francisco, California, following ordinary business practices. I
     am readily familiar with the practices of Kasowitz, Benson, Torres and Friedman for processing of
25   correspondence, said practice being that in the ordinary course of business, correspondence is
     deposited in the United States Postal Service the same day as it is placed for processing.
26
27   **By Federal Express**. I served such envelope or package to be delivered on the same day to an
     authorized courier or driver authorized by Federal Express to receive documents, in an envelope or
28

PAGE 2

package designated by Federal Express.

**By Personal Service**.  I caused the above documents to be delivered by hand to the addressee(s) noted above.

**By Facsimile**.  I caused the above documents to be served via facsimile electronic equipment transmission to the number indicated after the address(es) noted above.

**By Email**.  I caused the above documents to be served via email transmission to the e-mail addresses noted above.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on May 18, 2011 at San Francisco, California.

Jane Sullivan

Certificate of Service; Case No. 3:10-cv-258-RCJ-RAM