UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN K. MYERS, individually and as trustee of the Susan K. Myers Living Trust dated January 8, 2001, MICHAEL F. MYERS, individually and as trustee of the Susan Myers Massachusetts Trust, dated July 11, 2008, and KEITH J. GOTT, as trustee of the Michael F. Myers Massachusetts Trust, dated October 23, 2008, and the Michael F. Myers Massachusetts Trust, dated December 3, 2008,<br><br>        Plaintiffs,<br><br>v.<br><br>JAMES ARCHIBALD and<br>PORT CAPITAL MANAGEMENT, a limited liability corporation,<br><br>        Defendants,<br><br>v.<br><br>KARL HAHN,<br><br>        Third-Party Defendant. | CASE NO. 3:10-CV-00258-RCJ-RAM |

**ANSWER OF DEFENDANTS JAMES ARCHIBALD
AND PORT CAPITAL MANAGEMENT, LLC TO
<u>PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

**AND**

<u>**DEMAND FOR TRIAL BY JURY**</u>

1

## INTRODUCTION

1.	Defendants James Archibald and Port Capital Management, LLC (hereinafter jointly referred to as "Archibald") states that the allegations in Paragraph 1 summarize Plaintiffs' allegations and no response is required. To the extent that any allegations are made against Archibald, explicitly or implicitly, those allegations are denied.

## JURISDICTION AND VENUE

2.	Archibald admits the allegations in Paragraph 2.

3.	Archibald admits the allegations in Paragraph 3.

## PARTIES

4.	Archibald is informed and believes that the allegations in Paragraph 4 are correct.

5.	Archibald is informed and believes that the allegations in Paragraph 5 are correct.

6.	Archibald admits the allegations in Paragraph 6.

7.	Archibald admits the allegations in Paragraph 7.

## RELEVANT NON-PARTIES

8.	Archibald is informed and believes that the allegations in Paragraph 8 are correct.

9.	Archibald is informed and believes that the allegations in Paragraph 9 are correct.

10.	Archibald is informed and believes that Lynn A. Buskey ("Buskey") was and is an attorney at law and a partner at Buskey & McCarthy, LLP ("Buskey & McCarthy"); that Buskey was an original co-trustee of the Susan Myers Massachusetts Trust, dated July 11, 2008 (the "Susan Myers Massachusetts Trust"), the Michael F. Myers Massachusetts Trust, dated October 23, 2008 and the Michael F. Myers Massachusetts Trust, dated December 3, 2008; and that Buskey has resigned as trustee of these trusts. The remaining allegations of Paragraph 10 are denied.

{Client Files\LIT\308535\0003\PLD\02063493.DOC;1}

11. Archibald is informed and believes that Shawn B. McCarthy ("McCarthy") was and is an attorney at law and a partner at Buskey & McCarthy; that McCarthy was an original co-trustee of the Susan Myers Massachusetts Trust, the Michael F. Myers Massachusetts Trust, dated October 23, 2008 and the Michael F. Myers Massachusetts Trust, dated December 3, 2008; and that McCarthy has resigned as trustee of these trusts. The remaining allegations of Paragraph 11 are denied.

12. Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 12 and therefore calls upon Plaintiffs for proof of the same.

13. Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 13 and therefore calls upon Plaintiffs for proof of the same.

**FACTUAL ALLEGATIONS**

14. Archibald denies each and every allegation contained in Paragraph 14.

15. Archibald admits that he presented information to the Plaintiffs with respect to the purchase of life insurance and the use of premium financing. Archibald denies each and every allegation in Paragraph 15 that asserts anything inaccurate or fraudulent was ever said to the Plaintiffs by him.

16. Archibald admits that he presented information to the Plaintiffs with respect to the purchase of life insurance and the use of premium financing. Archibald denies each and every allegation in Paragraph 16 that asserts that anything inaccurate or fraudulent was ever said to the Plaintiffs by him.

17. Archibald admits that he advised the Plaintiffs that for some individuals of substantial wealth life insurance is a prudent investment, but denies each and every additional or different allegation of Paragraph 17.

18. Archibald denies each and every allegation contained in Paragraph 18.

19. Archibald denies each and every allegation contained in Paragraph 19.

20. Archibald is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 20 and therefore calls upon Plaintiff for proof of the same. In further answering, Archibald states that Third-Party Defendant Karl Hahn ("Hahn") did assume responsibility for obtaining a Letter of Credit.

21. Archibald denies each and every allegation contained in the first two sentences of Paragraph 21. Archibald states that he is informed and believes that Hahn drafted and submitted a Letter of Credit purportedly from Deutsche Bank that was not authorized by Deutsche Bank.

22. Archibald admits the allegations contained in Paragraph 22.

23. Archibald states that at no point did he "require" Plaintiff Susan Myers to use the accounting services of anyone. In further answering, Archibald states that Karcher did provide financial information in connection with the purchase of life insurance regarding Susan Myers.

24. Archibald denies each and every allegation contained in Paragraph 24.

25. Archibald denies each and every allegation contained in Paragraph 25.

26. To the extent Paragraph 26 contains allegations directed at Archibald, they are denied. To the extent the allegations are directed at Third-Party Defendant Hahn, Archibald states that he is without sufficient information or knowledge to form a belief as to the allegations and therefore calls upon Plaintiff for proof of the same.

{Client Files\LIT\308535\0003\PLD\02063493.DOC;1}

27. Archibald states that the email of June 12, 2008 speaks for itself and denies Plaintiffs' partial characterization of the same.

28. Archibald admits that Buskey & McCarthy formed an irrevocable life insurance trust to assume ownership of the AIG Life Policy and that Buskey and McCarthy were co-trustees of the Susan Myers Massachusetts Trust. Archibald denies each and every remaining allegation of Paragraph 28.

29. Archibald states that insufficient information is provided with respect to what Susan Myers allegedly believed, when she allegedly believed it and what such belief was allegedly based upon . Archibald denies each and every allegation contained in Paragraph 29 directed at Archibald. To the extent the allegations are directed at Third-Party Defendant Hahn, Archibald states that he is without sufficient information or knowledge to form a belief as to the allegations and therefore calls upon Plaintiff for proof of the same.

30. Archibald admits the allegations in the first two sentences of Paragraph 30. To the extent that Paragraph 30 contains allegations with respect to Archibald, they are denied. To the extent the allegations are directed at Third-Party Defendant Hahn, Archibald states that he is without sufficient information or knowledge to form a belief as to the allegations and therefore calls upon Plaintiff for proof of the same.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

32. Archibald admits the allegations in the first three sentences of Paragraph 32. To the extent that Paragraph 32 contains allegations with respect to Archibald, they are denied. To the extent the allegations are directed at Third-Party Defendant Hahn, Archibald states that he is

without sufficient information or knowledge to form a belief as to the allegations and therefore calls upon Plaintiff for proof of the same.

33. To the extent that Paragraph 33 contains allegations with respect to Archibald, they are denied. To the extent the allegations are directed at Third-Party Defendant Hahn, Archibald states that he is without sufficient information or knowledge to form a belief as to the allegations and therefore calls upon Plaintiff for proof of the same.

34. Archibald denies each and every allegation contained in Paragraph 34.

35. Archibald denies each and every allegation contained in Paragraph 35.

36. Archibald admits the allegations contained in Paragraph 36.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

38. Archibald admits that Allianz Life issued a life insurance policy naming Michael Myers as the insured and the Michael Myers Massachusetts Trust, dated October 23, 2008 as the owner, beneficiary and payor and that the owner, beneficiary and payor was subsequently amended such that the Michael Myers Massachusetts Trust, dated December 3, 2008, became the owner, beneficiary and payor. Archibald denies each and every remaining allegation contained in Paragraph 38.

39. Archibald admits that he assisted Michael Myers in obtaining financing for the life insurance. Archibald denies each and every remaining allegation contained in Paragraph 39.

40. Archibald denies each and every allegation contained in Paragraph 40.

41. Archibald admits that he spoke to Susan Myers about an error in a Control Agreement but denies Plaintiffs' characterization of the exchange.

42. Archibald denies each and every allegation contained in Paragraph 42.

6

43. Archibald states that he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 43 and therefore calls upon Plaintiffs for proof of the same.

44. Archibald states that he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 44 and therefore calls upon Plaintiffs for proof of the same.

45. Archibald states that he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 45 and therefore calls upon Plaintiffs for proof of the same.

46. Archibald is informed and believes that the allegations contained in Paragraph 46 are correct.

47. Archibald is informed and believes that the allegations contained in Paragraph 47 are correct.

48. To the extent that Paragraph 48 contains allegations directed at Archibald, they are denied. To the extent that the allegations are directed at Third-Party Defendant Hahn, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 48 and therefore calls upon Plaintiffs for proof of the same.

49. Archibald admits that Buskey and McCarty resigned as trustees. Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in the remaining allegations of Paragraph 49 and therefore calls upon Plaintiffs for proof of the same.

50. Archibald denies the allegations contained in Paragraph 50.

51. Archibald denies the allegations contained in Paragraph 51.

7

8

52. Archibald admits that he informed the Plaintiffs that Hahn's new employer, Oppenheimer, could not issue a Letter of Credit. To the extent that Paragraph 52 contains allegations directed at Archibald, they are denied. To the extent that the allegations are directed at Third-Party Defendant Hahn, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 48 and therefore calls upon Plaintiffs for proof of the same.

53. Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 53 and therefore calls upon Plaintiffs for proof of the same.

54. To the extent the allegations contained in Paragraph 54 are directed at Archibald, they are denied. To the extent the allegations are directed to other parties or persons, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 54 and therefore calls upon Plaintiffs for proof of the same.

55. Archibald is informed and believes that the allegations contained in Paragraph 55 with respect to the loan from Merrill Lynch are true and accurate. Archibald denies each and every remaining allegation in Paragraph 55.

56. Archibald denies each and every allegation contained in Paragraph 56.

57. Archibald denies each and every allegation contained in Paragraph 57.

58. Archibald denies each and every allegation contained in Paragraph 58.

59. Archibald admits that he received commissions in connection to the policies and shared a portion of the commissions with other persons. Archibald denies the remaining allegations contained in Paragraph 59.

60. Archibald denies each and every allegation contained in Paragraph 60.

61. Archibald denies each and every allegation contained in Paragraph 61.

## FIRST CLAIM FOR RELIEF:  FRAUD AND MISREPRESENTATION

62. Archibald restates and reincorporates by reference Paragraphs 1 through 61 above as if fully set forth herein.

63. To the extent Paragraph 63 contains allegations directed at Archibald, they are denied.  To the extent the allegations are directed to Third-Party Defendant Hahn, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 63 and therefore calls upon Plaintiffs for proof of the same.

64. Archibald denies each and every allegation contained in Paragraph 64.

65. Archibald denies each and every allegation contained in Paragraph 65.

66. Archibald denies each and every allegation contained in Paragraph 66.

67. Archibald denies each and every allegation contained in Paragraph 67.

## SECOND CLAIM FOR RELIEF:  FRAUD BASED ON CONCEALMENT AND OMISSION

68. Archibald restates and reincorporates by reference Paragraphs 1 through 67 above as if fully set forth herein.

69. To the extent Paragraph 69 contains allegations directed at Archibald, they are denied.  To the extent the allegations are directed to other parties, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 69 and therefore calls upon Plaintiffs for proof of the same.

70. To the extent Paragraph 70 contains allegations directed at Archibald, they are denied.  To the extent the allegations are directed to other parties, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 70 and therefore calls upon Plaintiffs for proof of the same.

71. Archibald denies each and every allegation contained in Paragraph 71.

72. Archibald denies each and every allegation contained in Paragraph 72.

73. Archibald denies each and every allegation contained in Paragraph 73.

### THIRD CLAIM FOR RELIEF:  NEGLIGENT MISREPRESENTATION AND OMISSION

74. Archibald restates and reincorporates by reference Paragraphs 1 through 73 above as if fully set forth herein.

75. To the extent Paragraph 75 contains allegations directed at Archibald, they are denied.  To the extent the allegations are directed to other parties, Archibald lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in Paragraph 75 and therefore calls upon Plaintiffs for proof of the same.

76. Archibald denies each and every allegation contained in Paragraph 76.

77. Archibald denies each and every allegation contained in Paragraph 77.

### FOURTH CLAIM FOR RELIEF:  BREACH OF FIDUCIARY DUTY

78. Archibald restates and reincorporates by reference Paragraphs 1 through 77 above as if fully set forth herein.

79. Archibald denies each and every allegation contained in Paragraph 79.

80. Archibald denies each and every allegation contained in Paragraph 80.

81. Archibald denies each and every allegation contained in Paragraph 81.

82. Archibald denies each and every allegation contained in Paragraph 82.

### FIFTH CLAIM FOR RELIEF:  PROFESSIONAL NEGLIGENCE

83. Archibald restates and reincorporates by reference Paragraphs 1 through 82 above as if fully set forth herein.

84. Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is necessary, the allegations are denied.

85. Archibald denies each and every allegation contained in Paragraph 85.

86. Archibald denies each and every allegation contained in Paragraph 86.

### SIXTH CLAIM FOR RELIEF:  UNJUST ENRICHMENT

87. Archibald restates and reincorporates by reference Paragraphs 1 through 86 above as if fully set forth herein.

88. Archibald denies each and every allegation contained in Paragraph 88.

89. Archibald denies each and every allegation contained in Paragraph 89.

90. Archibald denies each and every allegation contained in Paragraph 90.

### SEVENTH CLAIM FOR RELIEF - VIOLATION OF NEVADA'S CONSUMER PROTECTION LAWS

91. Archibald restates and reincorporates by reference Paragraphs 1 through 90 above as if fully set forth herein.

92. Archibald denies each and every allegation contained in Paragraph 92.

93. Archibald denies each and every allegation contained in Paragraph 93.

94. Archibald denies each and every allegation contained in Paragraph 94.

95. Archibald denies each and every allegation contained in Paragraph 95.

96. Archibald denies each and every allegation contained in Paragraph 96.

97. Archibald denies each and every allegation contained in Paragraph 97.

98. Archibald denies each and every allegation contained in Paragraph 98.

99. Archibald denies each and every allegation contained in Paragraph 99.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every Count therein fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their own comparative and/or contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have suffered any damages whatsoever, which is denied, such damages were caused by third parties for whom Archibald is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of unclean hands, laches, waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own fraudulent conduct and breach of contract.

WHEREFORE Defendants James Archibald and Port Capital Management, LLC requests that the Court dismiss Plaintiffs' Second Amended Complaint against them and for such other further relief that this Court deems just and equitable.

Defendants James Archibald and Port Capital Management, LLC demand a trial by jury on all issues triable.

JAMES ARCHIBALD AND PORT CAPITAL MANAGEMENT, LLC
By Their attorneys,


/s/ AiVi Nguyen
_____
Louis M. Ciavarra
*(Admission Pro Hac Vice)*
AiVi Nguyen
*(Admission Pro Hac Vice)*
BOWDITCH & DEWEY, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
Tel:  (508) 926-3408
Fax:  (508) 929-3011
email:  lciavarra@bowditch.com
            anguyen@bowditch.com

Steven C. Balkenbush
Thorndal, Armstrong, Delk, Balkenbush & Eisinger
6590 S. McCarran Blvd.,, Suite B
Reno, NV 89509
Tel.  (775) 786-2772
Fax:  (775) 786-8004
Email:  scb@thorndal.com


Date:   May 31, 2011

13